### GIGNOUX v. BAIRD.

(Supreme Court, Appellate Term.   October 4, 1899.)

PERSONAL INJURIES—EXCESSIVE DAMAGES.

Where plaintiff's bill of particulars of his claim, in an action for personal injuries, alleged that he was run over by a truck and team of horses driven by defendant's employé; that he was bruised and injured, his clothes destroyed, and his bicycle broken; but contained no item of such alleged damages, nor any sum for which judgment was claimed, and the only testimony on the question of damages was that it would cost $2 or $3 to fix the bicycle, and that plaintiff paid $1.50 to get his bicycle suit cleaned,—a judgment for $75 will be reversed, as excessive.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Robert Gignoux against Matthew Baird for damages for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Max Steinert, for appellant.
Gignoux & Gignoux, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant's driver. The plaintiff recovered a judgment in the court below for the sum of $75. Assuming that the facts in the case showed that the defendant was liable, the amount for which the judgment was rendered is largely in excess of any amount of damages proven to have been sustained by the plaintiff. The plaintiff filed a bill of particulars of his claim, but nothing therein contained gives the court any information as to the amount claimed by him. It alleges that the plaintiff was struck and run over by a truck and a team of horses driven by the defendant's employé; that he was bruised and injured, his clothes destroyed, and his bicycle broken; but it contains no item of such alleged damages, nor any sum for which he claims judgment. The testimony of the plaintiff was to the effect that the injuries complained of were received by reason of the act of the defendant's driver in carelessly turning his horses, when passing the plaintiff in the street, so as to cause the hub of the

wheel of a truck to hit the plaintiff, thereby causing him to fall; that the effect of the fall was to make a sore spot on his chest for two or three months; that his knee was injured; that he had to remain in the house, and be attended by a physician; and that his bicycle was broken. He gave no testimony as to whether he suffered any pain or not, nor as to any lost time, nor as to what his occupation or earnings were at or prior to the time of the accident, nor as to whether he was prevented by his injuries from pursuing his usual avocation or not; and, upon being asked what the amount of his doctor's bill was, and objection being made thereto, and being told by the court that he might "state the amount expended," said: "I had to buy new handle bars, and get new cranks for the inside of my wheel, and to have the wheels reset, which cost me 50 cents." He also testified that his wheel was injured so that he could not repair it; that it would cost $2 or $3 to fix it; that his bicycle suit was injured, and that he paid $1.50 to get it cleaned. This was all the testimony upon the question of the amount of damages whatsoever, and is wholly insufficient to support a judgment for the sum of $75, under the facts and circumstances disclosed by the evidence in this case.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.